

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2601 | **DATE** | 12/11/2000 |
| **CASE TITLE** | U.S.A., ex rel. Oily Thomas vs. George C. Welborn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Respondent's motion to dismiss petitioner's petition for writ of habeas corpus [6] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 3 2000 | |
| ✓ | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC 13 AM 7: 42 | date mailed notice | |
| PJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| U.S.A., ex rel. Oily Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 2601 |
| v. | ) | |
| | ) | |
| George C. Welborn, | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**DOCKETED**
**DEC 1 3 2000**

### Background

Petitioner Oily Thomas was convicted by a jury of first degree murder in the Circuit Court of Cook County and sentenced to a seventy-five year term of imprisonment. Counsel was appointed for a direct appeal, but counsel failed to timely perfect the appeal. Thomas filed a motion to file late notice of appeal instanter for the direct appeal (Case No. 1-93-4307) on December 9, 1993. That motion was denied on December 22, 1993. On August 23, 1994, Thomas filed a post-conviction petition (Case No. 95-2662) seeking a new trial. The trial court denied Thomas' request for a new trial, but allowed Thomas to file a late notice of appeal in the direct appeal. Thomas then appealed this ruling, maintaining that a new trial was warranted. The appellate court affirmed the trial court's ruling granting Thomas leave to file a late notice of appeal in the direct appeal but denying him a new trial. Thomas then filed a petition for leave to appeal the appellate court's ruling to the Illinois Supreme Court, which was denied on June 4, 1997. The appellate court then recalled its earlier mandate in the direct appeal and reinstated the direct appeal in accordance with the appellate court's ruling in the collateral challenge. In the



direct appeal, counsel for Thomas filed a motion to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), contending that there were no appealable issues in Thomas' case. A copy of the *Anders* brief was served on Thomas and he was given an opportunity to raise any points in support of his appeal. After examining the record and considering Thomas' letter in response to the *Anders* motion, the Appellate Court of Illinois granted the motion to withdraw and affirmed the judgment of the Circuit Court of Cook County on December 24, 1997. Thomas did not seek leave to appeal that decision to the Illinois Supreme Court. Then, on April 27, 2000, Thomas commenced the instant action by filing a petition for writ of habeas corpus. Respondent has filed a motion to dismiss Thomas' petition on the grounds that it is time barred under 28 U.S.C. § 2244(d), which provides a general one year statute of limitations for applications for writ of habeas corpus by persons in custody pursuant to a State court judgment.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996. Included in that Act was 28 U.S.C. § 2244(d), which provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
>   . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the motion to dismiss, respondent argues that Thomas' petition for writ of habeas

2

corpus, filed on April 27, 2000, is time-barred under § 2244(d). Thomas has filed two separate documents responding to the motion to dismiss. The first, entitled "Petitioner's Response in Opposition to Respondent's Motion to Dismiss," was filed on June 30, 2000 (hereinafter "Pet.'s 6/30 Resp."). The second, entitled "Petitioner's Response in Opposition to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus," was filed on August 14, 2000 (hereinafter "Pet.'s 8/14 Resp."). After fully considering all of the arguments advanced by Thomas in these two pleadings, the court nonetheless finds that his petition for writ of habeas corpus is time-barred.

The date on which the statute of limitations began to run against Thomas is the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for filing such a review. *See* 28 U.S.C. § 2244(d)(1)(A). On December 24, 1997, the Appellate Court of Illinois affirmed the Circuit Court's judgment on direct appeal. Under Illinois Supreme Court Rule 315, Thomas had 21 days from that date to file a petition for leave to appeal the appellate court's ruling.[1] Because Thomas failed to file a petition for leave to appeal, the judgment became final on January 14, 1998. *See* 28 U.S.C. § 2244(d)(1)(A). Thomas did not file his habeas petition until April 27, 2000, well over one year after the date his judgment became final. Thus, under § 2244(d), Thomas' petition is time-barred.[2]

---

[1] Illinois Supreme Court Rule 315 is a procedural rule governing civil appeals, but it is made applicable to criminal appeals through Illinois Supreme Court Rule 612(b).

[2] Although Thomas sought state collateral review, that action does not toll the statute of limitations because the collateral review was concluded on June 4, 1997, when the Illinois Supreme Court denied Thomas leave to appeal the appellate court's ruling.

3

In the documents submitted to this court Thomas makes several arguments attacking the merits of the appellate court's decision in the collateral challenge, which denied a new trial and granted leave to file a late notice of appeal. Thomas also maintains that a new trial would establish his innocence. His arguments, however, fail to demonstrate that the statute of limitations provided by § 2244(d) does not bar his petition for habeas relief. Thomas makes only one argument relating to the timeliness of his petition. In his first response to the motion to dismiss, Thomas apparently argues that he was given "delayed notice" of the appellate counsel's motion to withdraw under *Anders*. (Pet.'s 6/30 Resp. at 2; *see also* Petition at 4 of 5). However, the record indicates that he was given a copy of the *Anders* brief and an opportunity to respond, which he did in the form of a letter to the Appellate Court of Illinois. (Petition, Exhs. 15, 16; Order of Ill. App. Ct. dated 12/24/97).[3] Furthermore, there is no suggestion that he did not receive a copy of the appellate court's ruling, which put him on notice of the appellate court's decision to affirm the circuit court's judgment. The record clearly indicates that Thomas was informed of his counsel's withdrawal and the judgment in his direct appeal.

The next argument advanced by Thomas is that the motion to dismiss must be denied because it fails to comply with Rule 5 of the Rules Governing § 2254 Cases in the U.S. District

---

[3]Thomas contends that his letter to the Appellate Court of Illinois was not a response to the *Anders* brief filed by his attorney. The content of the letter, however, belies his contention. In the first paragraph, Thomas writes: "This letter is in response to the notice from the your [sic] Research Division advising me of my right to give an explanation regarding issues of merit in my appeal request." (Petition, Exh. 16). In the remainder of the letter, Thomas offers three reasons why his "appeal has merit." (*See id.*). This letter can only be characterized as a response to the *Anders* brief, and clearly demonstrates that Thomas had notice of his attorney's intent to withdraw from the appeal.

Courts. Thomas correctly notes that Rule 5 requires that "[t]he answer shall respond to the allegations of the petition." *See* Rules Gov. § 2254 Cases, Rule 5. Thomas contends that this rule prevents the respondent from filing a "motion to dismiss" that does not address the merits of the petition. Courts in this circuit, however, have frequently granted motions to dismiss that do not address the merits of the petition where there is a fundamental defect in the petition, such as noncompliance with the applicable statute of limitations. *See, e.g., United States ex rel. Hernandez v. Boyd*, No. 99 C 1943, 2000 WL 139475 (N.D. Ill. Jan. 31, 2000); *United States ex rel. Harris v. Briley*, No. 00 C 1526, 2000 WL 1720433 (N.D. Ill. Nov. 15, 2000). Furthermore, it is clear that the court may dismiss a petition on the grounds that it is untimely without addressing the merits of the petition. *See, e.g., Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000).

One final argument that the court must consider is Thomas' repeated assertion that he is actually innocent of the crime and that, but for a constitutional error, no reasonable juror would have found him guilty. (*See* Pet.'s 8/14 Resp. at 4). Thomas' invocation of the "fundamental miscarriage of justice" exception in this case raises a question that has not yet been answered by the Seventh Circuit – whether a court considering a petition for writ of habeas corpus that was not timely filed under § 2244(d) must nonetheless determine whether the petitioner can use the gateway provided by the "fundamental miscarriage of justice" exception and proceed to consideration of the petition on the merits. Several courts have recognized the possibility that the miscarriage of justice exception applies to petitions that are otherwise time-barred under § 2244(d). *See, e.g., Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000);

5

*Triestman v. United States*, 124 F.3d 361, 378-79 (2d Cir. 1997); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); In re *Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997); *Rockwell v. Jones*, 2000 WL 973675, *4-5 (E.D. Mich. June 30, 2000); *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1155-1158 (N.D. Iowa 2000). These courts frequently have avoided deciding the issue by assuming that the miscarriage of justice exception applies, but reaching the conclusion that the petitioner has not demonstrated actual innocence. *See, e.g., Lucidore*, 209 F.3d at 113-14; *Triestman*, 124 F.3d at 372 n.15; *Miller*, 141 F.3d at 978; *Neuendorf*, 110 F. Supp. 2d at 1158.

To close the gateway of the miscarriage of justice exception to petitioners who fail to timely file their petitions under § 2244(d) would raise "serious constitutional questions." *See Miller*, 141 F.3d at 978. Furthermore, it would create the possibility that an innocent person would remain incarcerated due to a constitutional violation, simply because he failed to overcome a procedural hurdle. This court, like most other courts facing this issue, will therefore assume that the miscarriage of justice exception applies to petitions that are otherwise time-barred under § 2244(d). Hence, the court will consider whether Thomas' claim of actual innocence is sufficient to pass through the gateway to consideration of the petition on its merits, despite its untimeliness.

In order to demonstrate a fundamental miscarriage of justice, a petition must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). In 1995, the U.S. Supreme Court reiterated this standard, emphasizing that the petitioner must show "that it is more likely than not that no reasonable juror would have convicted him" absent the constitutional violation. *Schlup v. Delo*,

513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496).

Thomas has not met this burden. In fact, Thomas does not point to any constitutional violation that would have an effect on a jury's decision to convict him. In his petition for writ of habeas corpus, Thomas asserts three claims: 1) denial of absolute right of direct appeal, 2) ineffective assistance of counsel on direct appeal, and 3) "the appellate courts orders are voided." (*See* Petition at "1 of 5," "1 of 6"). Nowhere in any of these claims does Thomas suggest that a Constitutional error at trial caused the jury to convict him. Instead, Thomas claims that he was denied an effective appeal of the trial court result, and attacks the appellate court's authority to grant leave to file a late notice of appeal on a collateral review. (*See id.*). In fact, Thomas never suggests anywhere in the text of his petition that he is innocent of the crime for which he was convicted.

In other documents, however, Thomas has asserted that he is actually innocent. In his letter in response to the *Anders* brief, Thomas asserts that his appeal has merit for three reasons: first, because two of the three witnesses who testified against him have now recanted their testimony; second, because he had difficulty communicating with his lawyer and participating in his defense; and third, because he did not know the victim and had no reason to kill him or anyone else. (Petition, Exh. 16). In his June 30 response to the present motion, Thomas asserts that the motion to dismiss is an attempt to "lessen the impact of the wrongful and miscarriage of justice already effecting petitioner's right to challenge his conviction which will no doubt result in a reversal based on new developments as we speak . . . ." (Pet.'s 6/30 Resp. at 2). Finally, in his August 14 response, Thomas devotes two pages to his argument that the court should apply

the actual innocence exception. In support of his claim that he is actually innocent, Thomas refers to favorable evidence from the trial. For instance, Thomas relies on the trial testimony of Darrell Barney and a medical examiner. Aside from evidence already considered at trial, Thomas appears to claim that Lolitha Holmes, who testified against him at trial, has now changed her story. In addition, Thomas claims that Bobby Wilson, who also testified at trial, has admitted to receiving cocaine from Thomas' co-defendant in exchange for false testimony implicating Thomas. (Pet.'s 8/14 Resp. at 4).

Despite Thomas' efforts, he has failed to produce sufficient evidence to show that he is probably innocent. Initially, Thomas' reargument of evidence that was heard at trial by the jury is unpersuasive. The jury heard the testimony that Thomas refers to, and weighed it together with the other evidence, ultimately concluding that Thomas was guilty beyond a reasonable doubt. Furthermore, Thomas' "new evidence" is completely unsupported. Thomas has not offered the affidavits of Lolitha Holmes, Bobby Wilson, or anyone else to support his claim that some of the testimony at trial was false. *Cf. United States ex rel. Lucas v. Welborn*, 89 F. Supp. 2d 976, 982-83 (N.D. Ill. 1999) (finding that even where petitioner had submitted affidavits in support of his actual innocence claim, they were insufficient because they lacked credibility and because one was unsigned). Thomas' unsupported claims do not even approach the level of proof required of a petitioner seeking to invoke the actual innocence exception, as set out in *Carrier* and *Schlup*.

## Conclusion

Thomas' petition for writ of habeas corpus is time-barred by 28 U.S.C. § 2244(d), and

8

Thomas has presented no adequate rationale for tolling the limitations period. Furthermore, Thomas has failed to demonstrate that the dismissal of his petition will result in a fundamental miscarriage of justice. For the foregoing reasons, respondent's motion to dismiss the petition is granted.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: December 11, 2000